1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL TATER-ALEXANDER, et al., )        1:11cv0296 LJO DLB
                                  )
                                  )
                                  )        FINDINGS AND RECOMMENDATION
                     Plaintiffs,  )        REGARDING DISMISSAL OF ACTION
                                  )
        v.                        )
                                  )
COUNTY OF FRESNO, et al.,         )
                                  )
                                  )
                     Defendants.  )
_____ )

On February 18, 2011, Plaintiffs Michael Tater-Alexander and Kryston White, appearing pro se and proceeding in forma pauperis, filed the instant complaint asserting claims under the United States Constitution, federal statutes and state law arising from the County of Fresno's refusal to provide administrative hearings for two parking tickets.  Plaintiffs also identified "The People of the County of Fresno" and "The People of the State of California" as co-plaintiffs in this action.

## **DISCUSSION**

A.      Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

1

1   such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a

2   claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

3   cured by amendment.

4   B.    Plaintiffs' Allegations

5       Plaintiffs bring this suit against the County of Fresno ("County") related to parking

6   citations. Plaintiff White alleges that she received a parking citation (No. 12127219) on February

7   10, 2010, at 10:08:45 a.m. Similarly, Plaintiff Tater-Alexander alleges that he received a parking

8   citation (No. 13126993) on February 17, 2010, at 1:59:30 p.m. Plaintiff Tater-Alexander

9   additionally contends that he is disabled and has physical impairments that significantly limit his

10   major life activities.

11       Plaintiffs both allege that they mailed initial requests to dismiss their parking citations

12   pursuant to California Vehicle Code § 40215. These requests were denied. Plaintiffs

13   subsequently requested administrative hearings, but the requests were denied by the County as

14   untimely. Plaintiffs assert that the County intentionally miscalculates the time to request a

15   hearing. Plaintiffs further assert that the County's denials deprived them of money and property

16   and violated their due process rights.

17       Plaintiffs allege nine causes of action, including violation of the Americans with

18   Disabilities Act, violation of their civil rights pursuant to 42 U.S.C. § 1983, violations of the

19   Unruh Act and Bane Act, intentional infliction of emotional distress and civil conspiracy.

20   Plaintiffs seek compensatory, treble, and punitive damages, civil penalties and injunctive relief.

21       Plaintiff Tater-Alexander has filed at least one previous action in this Court identifying

22   both of the parking citations at issue in this case. The Court takes judicial notice of its docket and

23   filed documents in Tater-Alexander v. County of Fresno, 1:10cv01050 AWI SMS.[1] In that case,

24   Plaintiff Tater-Alexander styled the operative complaint as a *qui tam* action arising from the

25   County's refusal to provide an administrative hearing to review parking ticket. As with this

26

27       [1]The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso,
28   989 F.2d 331, 333 (9th Cir. 1993); Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n. 9 (9th Cir. 1987);
     Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.).

action, Plaintiff alleged that the County miscalculated his time to request a hearing and violated his due process rights by denying him an administrative hearing pursuant to California Vehicle Code § 40215.  Finding that Plaintiff failed to state a claim upon which relief could be granted, the Court dismissed Plaintiff's federal claims without leave to amend and declined to exercise supplemental jurisdiction over his state law claims on February 15, 2011.

Likely attempting to avoid the same fate, Plaintiffs filed the instant action three days later challenging the County's refusal to provide an administrative hearing to review two parking tickets.  For the reasons explained below, the Court recommends dismissal with prejudice.

C.   Analysis

The doctrine of res judicata governs "[t]he preclusive effects of former litigation." Hiser v. Franklin, 94 F.3d 1287, 1290 (9th Cir.1996) (citing Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).  "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir.2003) (internal quotation and citation omitted).  All three requirements are met here.

An identity of claims exists when two suits arise from the same transactional nucleus of facts. Id. "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Id. at 1078. "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." Id. (quoting U.S. ex rel. Barajas v. Northrop Corp., 147 F.3d 905, 909 (9th Cir.1998)). This case arises out of the same nucleus of facts as the 2010 action, namely the procedure for contesting parking tickets.

In the 2010 action, Plaintiff Tater-Alexander included detailed factual allegations in his operative complaint concerning the parking citations at issue here, numbers 12127219 and 13126993.  Tater-Alexander, 1:10cv01050 AWI SMS, Doc. 6, First Amended Complaint ¶¶ 57-60.  Additionally, he asserted that when the County denied the claims on these citations, the

1 involved parties were interested in joining the complaint.  Tater-Alexander, 1:10cv01050 AWI

2 SMS, Doc. 6, First Amended Complaint ¶ 62.

3       According to Plaintiffs, the County rejected their written claims as to citations 1212729

4 and 13126993 on August 18, 2010, which was during pendency of the 2010 action.  Thus, there

5 was nothing preventing Plaintiffs from bringing their claims regarding these parking citations in

6 that action.  Indeed, Plaintiff Tater-Alexander raised these purported claims in his Amended

7 Objection to Magistrate Judge's Findings and Recommendations, noting that he had "two

8 additional causes of action that have ripened" for the County's use of the same unconstitutional

9 process in denying him an administrative hearing.  Tater-Alexander, 1:10cv01050 AWI SMS,

10 Doc. 9, Amended Objection to Magistrate Judge's Findings and Recommendations, p. 4.  Plaintiff

11 sought leave to amend and argued that he would be forced to appeal and file a new cause of action

12 "for the same alleged violations . . . on one of the other two parking citations."  Id. at p. 5.  The

13 Court overruled Plaintiff's objections, dismissing his complaint without leave to amend.

14       As to the second element, the Ninth Circuit has held that "a dismissal with prejudice has a

15 res judicata effect" because it is "on the merits."  In re Marino, 181 F.3d 1142, 1144 (9th Cir.1999)

16 (internal quotations and citations omitted). The 2010 action has res judicata effect because it was

17 dismissed with prejudice on February 15, 2011.  Tater-Alexander, 1:10cv01050 AWI SMS, Doc.

18 11.

19       The third element of privity exists when "several parties in both actions are identical[.]"

20 Tahoe-Sierra, 322 F.3d at 1081. The parties in this case–the County and Plaintiff Tater-

21 Alexander-are identical to the parties in the 2010 action.

22       As the required elements are met, res judicata applies.

23 **CONCLUSION AND RECOMMENDATION**

24       For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be

25 dismissed as barred by res judicata.

26       These Findings and Recommendations will be submitted to the Honorable Lawrence J.

27 O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after

28 being served with these findings and recommendations, Plaintiffs may file written objections with

the Court.  Fed. R. Civ. P. 72(b); Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 25, 2011                    _____ /s/ Dennis L. Beck_____
                                             UNITED STATES MAGISTRATE JUDGE